# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WOOD,<br><br>       Plaintiff,<br><br>  vs.<br><br>PAUL COPENHAVER,<br><br>       Respondent | Case No.:1:12-cv-00620-DLB (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT<br><br>[Doc. 1] |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

    Petitioner filed the instant petition for writ of habeas corpus on April 19, 2012.  Petitioner challenges disciplinary action taken against him for violating Bureau of Prison (BOP) disciplinary rules.  More specifically, he claims that 1) he is actually innocent of the disciplinary infraction; 2) his due process rights were violated in relation to the disciplinary procedures; and 3) he has been the subject of racial discrimination and acts of reprisal by BOP staff.

---

[1]  In the petition, Petitioner named Warden Hector Rios as Petitioner's legal custodian and Respondent in this action.  However, Respondent submits that Warden Rios is no longer Warden of the United States Penitentiary in Atwater; rather, Warden Paul Copenhaver is the current Warden at the prison.  Thus, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Warden Copenhaver is substituted as Respondent in place of Warden Rios.

Respondent filed an answer to the petition on August 1, 2012.  Petitioner filed a reply on October 26, 2012.

## DISCUSSION

I.      Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  Petitioner's claims for relief arise out of a disciplinary hearing.  Petitioner is confined at the United States Penitentiary in Atwater, California, which is located within the jurisdiction of this Court.  28 U.S.C. §§ 2254(a), 2241(d).  If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus.  Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

II.     Exhaustion of Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.

If the petitioner did not properly exhaust his administrative remedies, and such remedies are no longer available, he may have procedurally defaulted on his claims.  See Francis v. Rison, 894 F.2d 353, 354-55 (9th Cir.1990) (applying procedural default rules to administrative appeals); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988).  If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation.  See Francis, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); Murray v. Carrier, 477 U.S. 478, 492 (1986) (cause and prejudice test applied to procedural defaults on appeal); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 906-08 (9th Cir.1986) (cause and prejudice test applied to pro se litigants).

The BOP has established an administrative remedy procedure governing prisoner complaints.  With regard to disciplinary matters, in order to exhaust administrative remedies, an inmate must raise his or her complaint first to the Regional Director.  If relief is denied, an inmate may appeal to the National Inmate Appeals Administrator in the Central Office of the BOP.  28 C.F.R. §§ 542, et seq.  No administrative remedy appeal is considered to have been finally exhausted until it is reviewed by the BOP's Central Office.

Respondent submits that Petitioner has not exhausted the administrative remedies as to his challenge to the disciplinary action at issue in this case.  See Ex. 1, Declaration of Jennifer Vickers, Attachment 3, Administrative Remedy Generalized Retrieval.

Petitioner did file an administrative appeal complaining about Officer Smith's alleged misconduct against him; however, Petitioner did not file an administrative appeal challenging the propriety of the disciplinary action itself.  Ex. 1, Attachment 3, Administrative Remedy Generalized Retrieval.  Petitioner's claim that prison officials failed to explain the administrative exhaustion process is vague and contrary to the record in this case.  In response to Petitioner's complaint regarding Officer Smith's alleged misconduct, the BOP specifically informed

Petitioner that a challenge to the disciplinary infraction must be submitted separately from the allegation of staff misconduct. Id. at 5-6. Petitioner was further advised that a challenge to the disciplinary proceedings, should be submitted to the Regional Disciplinary Hearing Administrator in the Western Regional Office of the BOP. Id. Petitioner failed to heed the instruction, and did not file a separate administrative appeal challenging the disciplinary procedure. See Ex. 1, Declaration of Jennifer Vickers. Under these circumstances, the Court finds Petitioner has failed to exhaust the administrative remedies. Nonetheless, for the reasons explained below, Petitioner's challenges fail on the merits.

III.    Analysis of Claims

As previously stated, Petitioner contends that 1) he is actually innocent of the disciplinary infraction; 2) his due process rights were violated in relation to the disciplinary procedures; and 3) he has been the subject of racial discrimination and acts of reprisal by BOP staff.

On January 14, 2011, Petitioner was issued an incident report for "Threatening Another with Bodily Harm," in violation of 28 C.F.R. § 541.3, Code 203. See Ex. A, Declaration of Kenyon Lewis, Attachment 1, Incident Report. The report stated:

> At approximately 7:55pm on 1/14/11, while conducting my 7:30-8:00pm SHU round on A-Range with SHU 3, I approached inmate Wood, Robert #27283-044, cell number 002. SHU 3 opened the inmate food trap and attempted to issue inmate Wood his mail by asking him to state his full name and register number. At this time inmate Wood became upset and refused his mail. Once I closed the trap, inmate Wood said in an aggressive voice, "You were probably one of those kids who used to get the shit kicked out of you and now that you have this job you think you're a tough guy. But you ain't shit?" I then said, "Just comply with what the officer asked you to do." Inmate wood then elevated his verbal aggression by yelling, "I'll be out on the streets and you'll see me in Tucson!" I then replied, "Are you threatening me?" Inmate Wood answered, "Take it for what you want but all I'm saying is give me a shot at the title if you think you're so tough!" I exited A-range with no further incident.

Id.

///

///

A.     Procedural Due Process Protections

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. <u>Id.</u> at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989), citing <u>Superintendent, etc. v. Hill</u>, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." <u>Hill</u>, 472 U.S. at 455, citing <u>United States ex rel. Vatauer v. Commissioner of Immigration</u>, 273 U.S. 103, 106 (1927).

In this case, Petitioner was given advance written notice of the charged misconduct on January 15, 2011, by receiving a written copy of the incident report detailing the allegations, which was well in advance of the hearing that took place on February 17, 2011.  Ex. 2, Attachment 2, Discipline Hearing Officer Report.  In any event, Petitioner does not contend that he was not given proper notice.

In <u>Wolff</u>, the Court held that with certain exceptions, in prison disciplinary proceedings, a prisoner is entitled to the right to go call witnesses and present documentary evidence. <u>See</u> <u>Wolff</u>, 418 at 556.  However, it is clear that prisoners are not entitled to the same evidentiary

standards in prison disciplinary proceedings as those guaranteed to a defendant in a criminal proceeding. Id.

Contrary to Petitioner's claim, he was not denied the right to call witnesses or present evidence. Petitioner does not identify any potential witnesses that he would have called or what information they may have provided to assist in his defense. Although Petitioner took advantage of the opportunity to file a reply to Respondent's answer, Petitioner still failed to identify any potential witnesses by name that he wished to present at the hearing. Likewise, Petitioner does not indicate what documentary evidence he wished to present or how it would have assisted his defense. Id. Nor is there any evidence in the record, beyond Petitioner's own assertion, that he requested to present witness testimony or documentary evidence. Thus, Petitioner received all of the due process guarantees entitled to him with regard to the presentation of evidence.

Under Wolff, a prisoner is entitled to an impartial hearing body to conduct the disciplinary proceedings. See Wolff, 418 U.S. at 559-560. Petitioner's hearing was conducted by Disciplinary Hearing Officer (DHO), Kenyon Lewis, who was not involved in the incident or investigation of the incident. See Ex. 2, Declaration of Kenyon Lewis. BOP regulations require that the DHO's who preside over disciplinary proceedings not be a "reporting officer, investigating officer, or Unit Discipline Committee (UDC) member, or a witness to the incident, or play any significant part in having the charge(s) referred to the DHO." 28 C.F.R. § 541.16(b). DHO Kenyon Lewis was not a member of the UDC, and was not involved in any part of the investigation. Moreover, Petitioner does not challenge the imparity of DHO Lewis, and a review of the record reveals he received all the due process protections guaranteed under Wolff.

A prisoner is entitled to staff assistance during a prison disciplinary hearing if he/she is illiterate or if the case is complex. See Wolff, 418 U.S. at 559-560. Petitioner was provided the opportunity to request staff assistance during the hearing, but he indicated that he did not wish assistance. See Ex. 2, Attachment 2, Discipline Hearing Officer Report at 1.

Petitioner now claims, without any support in the record, that he was denied staff assistance due to his confusion that the offer of staff assistance was an offer of alternative witness assistance. However, Petitioner does not allege or demonstrate that he is illiterate or that his case involved a complex matter so as to require staff assistance. Nor has Petitioner refuted the fact that he waived staff assistance as documented in the disciplinary record. Further, Petitioner does not indicate how his defense was prejudiced by the lack of staff assistance during the disciplinary hearing. Therefore, Petitioner's claim that he was denied staff assistance at his disciplinary hearing is without merit.

At the conclusion of the disciplinary hearing, the DHO found Petitioner committed the misconduct outlined in the incident report, namely, threatening another with bodily harm. The DHO relied on the reporting officers' written reports which indicated Petitioner threatened bodily harm to BOP employees upon his release from custody. Id. Petitioner was provided a copy of the written decision outlining the evidence relied upon and the reasons for the decision. Id. at 3. Thus, it is apparent that Petitioner received all of the procedural due process protections set forth in Wolff, and there was no due process violation.

  B.  Substantive Due Process-Some Evidence to Support Finding of Guilt

Prisoners possess a liberty interest in their statutorily provided good time credits. Wolff, 418 U.S. at 557. Therefore, a prisoner may not be deprived of the credits without due process of law. The decision to revoke a prisoner's good time credits need only be supported by "some evidence," even if that evidence might be characterized as meager. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighting of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-456. "The fundamental fairness guaranteed by the Due Process Clause does not

Case 1:12-cv-00620-DLB   Document 18   Filed 11/07/12   Page 8 of 9

require courts to set aside decisions of prison administrators that have some basis in fact." Id. at 456. A due process violation can be shown if after a review of the record in the light most favorable to upholding the agency's decision is devoid of evidence to support the decision to revoke the good time credits. Id. at 457.

In this case, there is some evidence to support the DHO's finding of guilt. The DHO based his decision on multiple reports written by different officers indicating that Petitioner made verbal threats that upon his release from custody he would cause harm to the BOP employees. See Ex. 2, Attachment 2, Discipline Hearing Officer Report at 2-3. The DHO specifically considered the memorandums written by Correctional Officers R. Salazar and T. McClendon detailing their eye witness account of Petitioner's threatening behavior. In the incident report, Officer Smith, detailed the specific incident and quoted Petitioner's exact threatening language. These reports provided "some evidence" to support the DHO's finding of guilt.

Petitioner contends that he is actually innocent of the infraction because Officer Smith retaliated against him for filing a staff complaint a day prior to the incident. Petitioner fails to set forth any evidence, beyond his mere assertion, that he is actually innocent of the offense. To the extent Petitioner attempts to argue that a higher standard of proof applies to the prison disciplinary proceeding, for the reasons explained above clearly established Supreme Court precedent states otherwise. Accordingly, Petitioner's argument is without merit.

C.   Retaliation Claim

Petitioner contends he has been subjected to racial discrimination and acts of reprisal by certain BOP staff members. Because this claim involves the conditions of Petitioner's confinement, he cannot proceed by way of a petition for writ of habeas corpus and must pursue his claims in a Bivens action. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 408 U.S. 388 (1971), the United States Supreme Court established a federal

counterpart to a 42 U.S.C. § 1983 action and established a right to sue a federal employee for a civil rights action. Therefore, the Court must dismiss Petitioner's challenge to the conditions of his confinement without prejudice to allow Petitioner to re-file pursuant to <u>Bivens</u>.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED;
2. Petitioner's retaliation and reprisal claims are DISMISSED without prejudice; and
3. The Clerk of Court is directed to enter judgment in favor of Respondent.

IT IS SO ORDERED.

Dated:   **November 5, 2012**                    /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE